# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

KEITH MADDOX-EL,

       Petitioner,

v.                                                  Case No. 07-11349-BC
                                                 Honorable Thomas L. Ludington

KENNETH McKEE,

       Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION TO STAY WITH CONDITIONS,
DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS
FOR WRIT REQUESTING SUPPLEMENTAL
JUDICIAL NOTICE OF ADJUDICATIVE FACTS,
FOR EXPANSION OF THE RECORD,
FOR EVIDENTIARY OR EMERGENCY HEARING,
FOR JUDGMENT ON THE PLEADINGS,
TO COMPEL,
FOR ADDITIONAL RULE 5 MATERIALS,
AND FOR WRIT OF MANDAMUS,
DIRECTING RETURN OF MATERIAL EVIDENCE TO PETITIONER,
AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

      Petitioner Keith Maddox-El, a state prisoner, presently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 convictions for (1) felon in possession of a firearm, (2) possession of a firearm during the commission of a felony, (3) possession of marijuana with intent to deliver, and (4) possession of cocaine, less than twenty-five grams, which were imposed following a jury trial in the Wayne County, Michigan, Circuit Court. Petitioner was sentenced to three to fifteen years imprisonment on the felon-in-possession conviction, one to fifteen

years imprisonment on the drug convictions, and ten years imprisonment on the felony-firearm conviction, as mandated for a third or subsequent felony-firearm conviction, which is to be served prior and consecutively to the other three concurrent sentences.

I.

On July 26, 2007, Petitioner filed a motion to waive fees [dkt #9]. The Court denied that motion, on August 13, 2007, because the Court, on April 3, 2007, signed an Order for Petitioner to proceed *in forma pauperis*. Thus, that motion was moot. On that same date, Petitioner also filed a "Writ for Judgment to Strike on the Pleadings and Related Relief" [dkt #10]. However, because the Court signed an Order on April 3, 2007, directing respondent to respond to Petitioner's petition by October 5, 2007, the Court also found that motion moot.

Petitioner has since filed several motions, along with his motion for a stay of the proceedings [dkt ##18, 19] which are now before the Court. They are as follows: (1) writ requesting supplemental judicial notice of adjudicative facts [dkt ##11, 15], (2) motion for an expansion of the record [dkt ##12, 16], (3) motion for an evidentiary hearing [dkt #12], and (4) motion for an emergency hearing [dkt #12]. Those motions were filed on August 22, 2007, August 23, 2007, and August 27, 2007, respectively. Then, on October 11, 2007, Petitioner filed a petition for judgment on the pleadings [dkt #23], and on October 25, 2007, Petitioner filed three additional motions. Those motions are as follows: (1) a motion to compel the respondent to answer requests for admissions and interrogatories [dkt #28], (2) a motion for additional Rule 5 materials [dkt #29], and (3) a writ of mandamus requesting that the trial judge be recused from his case [dkt #29]. On November 9, 2007, Petitioner filed with the Court material evidence, in the form of three unidentified audiocassette tapes, an affidavit, correspondence with the Michigan Attorney Grievance

Commission, a transcript, and other paper materials [dkt #31]. On November 28, 2007, Petitioner filed an additional motion for judicial notice of adjudicative facts [dkt #32].

In his habeas pleadings, Petitioner raises claims concerning ineffective assistance of trial counsel, insufficient evidence, failure to present a defense, and prosecutorial misconduct. Presently, Petitioner is requesting a stay of his habeas proceedings, so that he may return to the state courts and exhaust state remedies as to additional issues concerning the effectiveness of trial counsel. For the reasons set forth below, the Court grants Petitioner's motion for a stay, stays the proceedings with conditions, and closes the case for administrative purposes. The Court will deny Petitioner's remaining motions without prejudice.

II.

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising the same claims as contained in his present petition. The state appellate court affirmed his convictions and sentences. *People v. Maddox-El*, No. 257981, 2006 WL 1412794 (Mich. Ct. App. May 23, 2006) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Maddox-El*, 477 Mich. 868, 721 N.W.2d 191 (2006). Petitioner filed the instant habeas petition on March 28, 2007.

III.

A.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155,

160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of a petitioner's habeas claims before he or she can present those claims to a habeas court. Otherwise, the habeas court is unable to apply the standard found at 28 U.S.C. § 2254.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). However, the Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas corpus petition in abeyance pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

Thus, a federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id.* at 1533. Stay and abeyance is only appropriate when a district court determines that a petitioner has shown good cause for the failure to first exhaust the claims in state courts, a

petitioner's unexhausted claims are not plainly meritless, and a petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

Here, the Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, Petitioner would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide whether those claims have merit.

Having considered the matter, the Court finds that it is appropriate to stay this case as requested; Petitioner has demonstrated to the Court the need for a stay. The Court finds that it appears that Petitioner's proposed claims concerning the ineffectiveness of trial counsel have not been exhausted in the state courts and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 26, 2006. Petitioner then had ninety (90) days in which

to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about December 27, 2006–ninety (90) days after the Michigan Supreme Court denied leave to appeal. Petitioner filed the instant petition on March 28, 2007. Thus, he has approximately nine months remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his current petition has been pending. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period).

Additionally, the ineffective assistance of counsel claims that Petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Further, Petitioner may assert that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

The Court, however, will condition the stay on Petitioner presenting his unexhausted claims to the state courts within ninety (90) days of the filing date of this order – if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within thirty (30) days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

B.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999)(Gadola, J.). It is within the district court's discretion to determine whether a habeas Petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F. 2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer or the state court record from respondent. Without these materials, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. Following receipt of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims.

C.

Regarding Petitioner's other motions – for a writ requesting supplemental judicial notice of adjudicative facts, for expansion of the record, for judgment on the pleadings, to compel, for additional Rule 5 materials, and for a writ of mandamus requesting that the trial judge be recused from his case – the Court will deny those motions without prejudice, for the above-stated reasons.

If, after the Court has received all Rule 5 materials and after reviewing the record in full, the Court determines that an expansion of the record or judicial notice of certain facts is needed, it will so direct. Petitioner need not file any additional motions. Likewise, if the Court believes that a hearing would assist in resolving the issues before the Court, then the Court will also so direct.

Further, Petitioner has filed with the Court three unidentified audiocassette tapes. Because the motions to which these tapes may be pertinent will be dismissed without prejudice, the Court will direct the return of those tapes to Petitioner. In the future, before he files material evidence such as tapes, Petitioner should file a motion to seek leave of the Court to file material evidence.

IV.

Accordingly, it is **ORDERED** that Petitioner's motion to stay the proceedings [dkt ##18, 19] is **GRANTED**. This action is **STAYED** so that Petitioner can fully exhaust state court remedies as to his ineffective assistance of counsel claims. Petitioner is **DIRECTED** to present his unexhausted claims to the state courts within **ninety (90) days** of the filing date of this order–if he has not already done so. Petitioner is further **DIRECTED** to return to this Court with an amended petition, using the same caption and case number, within **thirty (30) days** of exhausting state remedies. Failure to meet these conditions may result in the dismissal of Petitioner's case.

It is further **ORDERED** that Petitioner's remaining motions for writ requesting supplemental judicial notice of adjudicative facts [dkt ##11, 15, 32], to expand the record [dkt ##12, 16], for an evidentiary or emergency hearing [dkt #12], for judgment on the pleadings [dkt #23], to compel [dkt #28], for additional Rule 5 materials [dkt #29], and for a writ of mandamus [dkt #29] are **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to return the material

evidence of three audiocassette tapes to Petitioner. *See* [dkt #31].

It is further **ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending compliance with these conditions.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 11, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS

---