UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH MADDOX-EL,

        Petitioner,

v.                                              Case Number 07-11349
                                               Honorable Thomas L. Ludington

KENNETH MCKEE,

        Respondent.
                                      /

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO REOPEN HABEAS PETITION AND DIRECTING THE CLERK TO REOPEN THE MATTER, GRANTING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK TO SERVE THE AMENDED PETITION UPON RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, DIRECTING RESPONDENT TO FILE ITS RESPONSIVE PLEADING AND RULE 5 MATERIALS, AND DENYING PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING AND TO FILE TAPES**

        Petitioner Keith Maddox-El filed a pro se petition for a writ of habeas corpus [Dkt. # 1] on March 28, 2007. On April 3, 2007, this Court ordered Respondent to answer Petitioner's petition by October 5, 2007 [Dkt. # 4]. On August 23, 2007, Petitioner filed a motion to stay the case, so that he could return to state court to exhaust his ineffective assistance of counsel claims. A supplemental brief [Dkt. # 18, 19], in support of Petitioner's request for a stay, was filed on August 27, 2007. On December 11, 2007, the Court granted Petitioner's motion and administratively closed the case, so that Petitioner could return to state court to exhaust his claims [Dkt. # 33]. The Court directed that the petition would be stayed, provided that Petitioner presented his claims in state court within ninety days of the Court's order staying the petition, and petitioned the Court to lift the stay within thirty days of exhausting his state-court remedies.

        On September 23, 2008, Petitioner filed an amended petition [Dkt. # 35], which this Court

construes as a motion to reopen the case and a motion to amend the habeas petition. For the reasons stated below, the Court lifts the stay and concludes that Petitioner's amended petition is timely filed. The Court will direct the Clerk of the Court to serve a copy of the amended petition upon Respondent and the Michigan Attorney General's Office by first class mail. Finally, the Court will direct Respondent to file a responsive pleading to the amended petition together with the Rule 5 materials by March 31, 2009.

I

Petitioner contends that he has exhausted his state-court remedies regarding his ineffective assistance of counsel claims, through collateral review in state court. On April 27, 2007, the trial court denied Petitioner's motion for relief from judgment. *People v. Maddox-El*, No. 04-005427 (Wayne County Circuit Ct., April 27, 2007). Subsequently, Petitioner filed an application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals, and on January 17, 2008, the Michigan Court of Appeals denied leave. *People v. Maddox-El*, No. 282785 (Mich. Ct. App. Jan. 17, 2008). Petitioner subsequently filed an application for leave to appeal from that decision in the Michigan Supreme Court. The Michigan Supreme Court denied leave on September 9, 2008. *People v. Maddox-El*, 754 N.W.2d 882 (Mich. 2008). Petitioner has exhausted his state-court remedies.

II

Petitioner has complied with the Court's order by petitioning for the stay to be lifted within thirty days. Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F.Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner is alleging that his

claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court also grants Petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed. R. Civ. P. 15). "[C]ritical factors in determining whether an amendment should be granted" include whether there is "[n]otice [or] substantial prejudice to the opposing party." *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998). There is no indication that allowing Petitioner to amend his petition would cause delay to this Court and no evidence of bad faith on Petitioner's part in bringing the motion to amend. The Court also finds that there is no prejudice to Respondent if the motion is granted. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994). Accordingly, the Court will permit Petitioner to amend his petition.

The Clerk of the Court is also directed to serve a copy of the amended petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail, as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry*, No. 04-71209, 2005 WL 1861943 (E.D. Mich. Aug. 2, 2005).

The Court directs Respondent to file a response to the amended petition by March 31, 2009. A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). The rules governing responses in habeas corpus cases extend some discretion to the Court to set a deadline for a response to a petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Respondent is also directed to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require that a respondent

attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254; *See also Chavez v. Morgan*, 932 F.Supp. 1152, 1153 (E.D. Wis. 1996).

III

Accordingly, it is **ORDERED** that Petitioner's motion to reopen the case [Dkt. # 35] is **GRANTED.** The Clerk of Court is directed to **REOPEN** this matter.

It is further **ORDERED** that Petitioner's motion to amend the petition [Dkt. # 35] is **GRANTED**.

It is further **ORDERED** that the Clerk of the Court is **DIRECTED** to serve a copy of the amended petition, and a copy of this order, on Respondent and the Attorney General by first class mail.

It is further **ORDERED** that Respondent **FILE** an answer to the allegations of the petition in accordance with Rule 5, Rules Governing § 2254 Cases, on or before **March 31, 2009**.

It is further **ORDERED** that Petitioner's request for an evidentiary hearing and to file the tapes are **DENIED WITHOUT PREJUDICE.** Should the Court determine that an evidentiary hearing or additional materials are necessary for the resolution of Petitioner's case, after reviewing

Respondent's answer and the state court record, it will reconsider Petitioner's request and issue an appropriate order. Petitioner need not file an additional motion regarding this issue.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 10, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 10, 2008.

s/Tracy A. Jacobs  
TRACY A. JACOBS