UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF MICHIGAN
NORTHERN DIVISION

KEITH MADDOX-EL,

    Petitioner,

v.                                                   Case Number 07-11349-BC
                                                   Honorable Thomas L. Ludington

KENNETH MCKEE,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS, REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACT, PETITION FOR EVIDENTIARY HEARING, AND PETITION FOR EMERGENCY HEARING**

On March 28, 2007, Petitioner Keith Maddox-El, a state prisoner currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the following jury convictions and sentences imposed in Wayne County Circuit Court: (1) three to fifteen years imprisonment for felon in possession of a firearm; (2) one to fifteen years imprisonment for possession of marijuana with intent to deliver, and possession of cocaine, less than twenty-five grams; and (3) mandatory ten years imprisonment served prior and consecutive to the other concurrent sentences for possession of a firearm during the commission of a felony as a third or subsequent felony conviction.

Now before the Court are Petitioner's motion to stay proceedings [Dkt. # 47], request for judicial notice of adjudicative fact [Dkt. # 44], petition for evidentiary hearing [Dkt. # 49], and petition for emergency hearing [Dkt. # 50]. Notably, Petitioner has made each of the aforementioned requests in previous court filings. *See, e.g.*, [Dkt. # 11, 12, 15, 18]. For the reasons stated below, Petitioner's motion and requests will be denied.

I

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, raising four claims:

    I.      The trial court abused its discretion in denying counsel's motion to withdraw and in refusing [Petitioner's] request for substitution of counsel, thereby violating [his] Sixth Amendment right.

    II.     Trial counsel was ineffective for allowing admission of [Petitioner's] prior narcotics conviction as a named felony.

    III.    The prosecution failed to meet its burden of proving beyond a reasonable doubt that [Petitioner] carried or possessed a firearm during the commission of a felony.

    IV.    [Petitioner's] federal constitutional rights to a jury trial and proof beyond a reasonable doubt were violated when the court imposed a mandatory ten year prison sentence for the felony firearm count based on facts that were not found by a jury beyond a reasonable doubt.

Petitioner subsequently filed a pro per supplemental brief with the Court of Appeals in which he raised five additional claims:

    I.      [Petitioner] was denied effective assistance of counsel due to counsel's failure to file discovery, failure to argue and obtain a ruling of [his] motion to suppress search warrant, and failure to produce alibi witnesses on the relevant record in violation of the Sixth Amendment and Article I, Section 17, 20 of the Michigan Constitution.

    II.     [Petitioner] was denied his constitutional right to present a defense when the trial court denied his request for a continuance in order to secure the presence of alibi defense witnesses in violation of the Fourth, Fifth, and Fourteenth Amendments and Article I, Section 17, 20 of the Michigan Constitution.

    III.    The prosecutor's failure to timely comply with discovery due to lack of jurisdiction and the fact that no probable cause existed for a search warrant denied [Petitioner] his constitutional rights to a fair trial and due process of law in violation of the Fifth, Sixth, and Fourteenth Amendments and Article I, Section 17 of the Michigan Constitution.

> IV. [Petitioner] was denied effective assistance of counsel because counsel failed to argue and obtain a ruling on [his] motion to dismiss the search warrant due to no relevant record of not having constructive possession or possession of a firearm.
>
> V. [Petitioner] was denied effective assistance of counsel because counsel failed to argue and obtain a ruling on [his] motion to suppress a search warrant in violation of the Fourth and Fourteenth Amendments and Article I, Section 2 of the Michigan Constitution.

On May 23, 2006, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Maddox-El*, No. 257981, 2006 WL 1412794 (Mich. Ct. App. May 23, 2006). Petitioner's application for leave to appeal to the Michigan Supreme Court, which raised the same claims, was denied. *People v. Maddox-El*, No. 131379, 721 N.W.2d 196 (Mich. Sept. 26, 2006). Petitioner's motion for reconsideration was also denied, "because it does not appear that the order [of September 26, 2006] was entered erroneously." *People v. Maddox-El*, No. 131379, 727 N.W.2d 601 (Mich. Feb. 27, 2007).

Meanwhile, in November 2005, Petitioner filed a civil action with the Michigan Court of Appeals against Wayne Count Circuit Court Judge Diane M. Hathaway. On January 4, 2006, the Court of Appeals returned the pleadings to Petitioner because "MCL 600.2963 mandates that a prisoner pursuing a civil action be liable for the filing fees." *People v. Maddox-El*, No. 266853 (Mich. Ct. App. Jan. 4, 2006). Apparently, Petitioner did not pay the required fees and the case did not further progress.

Additionally, on or about June 6, 2006, Petitioner filed a pro per motion in the Wayne County Circuit Court, requesting a new trial, evidentiary hearing, oral arguments, and dismissal of all charges, as well as a request to reconsider his motion for the production of transcripts of an audiotape pursuant to Michigan Court Rules 6.500, 7.208(B)(3), and 7.208(C). The Wayne County

Circuit Court denied the motion. *People v. Maddox-El*, No. 04-005427 (Wayne County Cir. Ct. Nov. 13, 2006). In early January 2007, Petitioner filed another motion in Wayne County Circuit Court to correct alleged clerical errors. The court denied the motion. *People v. Maddox-El*, No. 04-005427 (Wayne County Cir. Ct. Apr. 27, 2007).

In May 2007, in Wayne County Circuit Court, Petitioner filed a motion for order to show cause why Judge Hathaway should not be held in contempt for "failure to prepare and file an answer." The court denied Petitioner's motion for order to show cause, reasoning that his motion was "not the appropriate means to contest" the April 27, 2007 order that denied his motion to correct clerical errors. *People v. Maddox-El*, No. 04-005427 (Wayne County Cir. Ct. Sept. 26, 2007). Petitioner then filed for a writ of mandamus in the Wayne County Circuit Court. The court denied Petitioner's request for a writ of mandamus. *People v. Maddox-El*, No. 04-005427 (Wayne County Cir. Ct. Nov. 12, 2007).

Also in May 2007, Petitioner filed a pro per "brief on appeal to appeal motion to correct clear mistakes" in the Michigan Court of Appeals, addressing the Wayne County Circuit Court order dated April 27, 2007. In July 2007, Petitioner filed a supplemental brief. The Michigan Court of Appeals denied Petitioner's May 2007 delayed application for leave to appeal "for lack of merit in the grounds presented." *People v. Maddox-El*, No. 278045 (Mich. Ct. App. Dec. 14, 2007). Petitioner filed an application for leave to appeal to the Michigan Supreme Court.

Petitioner also filed a delayed application for leave to appeal the Wayne County Circuit Court's September 26, 2007 and November 12, 2007 orders with the Michigan Court of Appeals. The Michigan Court of Appeals denied Petitioner's application for leave to appeal "from the September 26, 2007 order denying [Petitioner's] motion for order to show cause and the November

12, 2007 order denying [his] complaint for a writ of mandamus" because the Court of Appeals lacked jurisdiction, "since the orders in question actually denied successive motions for relief from judgment where no newly discovered evidence or retroactive change in the law can be found." *People v. Maddox-El*, No. 282785 (Mich. Ct. App. Jan. 17, 2008). Petitioner filed an application for leave to appeal to the Michigan Supreme Court.

The Michigan Supreme Court denied Petitioner's application for leave to appeal the December 14, 2007 order of the Michigan Court of Appeals because it was not persuaded that the questions presented should be reviewed. *People v. Maddox-El*, No. 135542, 754 N.W.2d 882 (Mich. Sept. 9, 2008). The Michigan Supreme Court also denied his application for leave to appeal the January 17, 2008 order of the Michigan Court of Appeals because Petitioner's "motion for relief from judgment is prohibited by MCR 6.502(G)." *People v. Maddox-El*, No. 135707, 754 N.W.2d 882 (Mich. Sept. 9, 2008).

In the meantime, on March 28, 2007, Petitioner filed a § 2254 habeas petition with this Court. Petitioner raises the same claims that he raised in the state courts. On December 11, 2007, the Court granted Petitioner's motion to stay the proceedings to allow Petitioner to fully exhaust state court remedies as to his ineffective assistance of counsel claims. Subsequently, in September 2008, Petitioner filed an amended habeas petition, in which he raises the following seventeen claims:

   I.   The trial court abused its discretion in denying counsel's motion to withdraw and in refusing Petitioner's request for substitution of counsel, thereby violating Petitioner's Sixth Amendment right.

   II.  Trial counsel was ineffective for allowing admission of Petitioner's prior narcotics conviction as a named felony.

   III. The prosecution failed to meet its burden of proving beyond a reasonable doubt that the petitioner carried or possessed a firearm during the commission of a felony.

IV.  Petitioner's federal constitutional rights to a jury trial and proof beyond a reasonable doubt were violated when the court imposed a mandatory ten year prison sentence for the felony firearm count based on facts that were not found by a jury beyond a reasonable doubt.

V.  Petitioner was denied effective assistance of counsel, [due to] his failure to file for discovery, failure to argue and obtain a ruling of [his] motion to suppress a search warrant, and failure to produce alibi witness on the relevant record.

VI.  Petitioner was denied his constitutional right to present a defense when the trial court denied his request for a continuance in order to secure the presence of an alibi defense witness.

VII.  The prosecutor's failure to timely comply with discovery, due to lack of jurisdictional law, and the prosecutor's obstruction of the facts of no probable cause for a search warrant, denied Petitioner his statutory and constitutional rights to a fair trial and due process of law.

VIII.  Petitioner was denied effective assistance of counsel by his attorney's failure to argue and obtain a ruling on his motion to dismiss the search warrant due to no relevant record of not having constructive possession or possession of a firearm.

IX.  Petitioner was denied effective assistance of counsel; attorney failure to argue and obtain a ruling on his motion to suppress the search warrant.

X.  Would the Court of Appeals' decision remain the same if the Court of Appeals knew that Petitioner was confined and without counsel, thereby rendering no ability to contact or subpoena alibi witnesses?

XI.  Would the Court of Appeals' decision remain the same had the Court of Appeals knew that counsel was originally retained and not originally appointed?

XII.  Would the Court of Appeals' decision remain the same if it knew the MCLA citation /PACC code were changed three different times without the proper motions to amend being filed?

XIII.  Are the rules of construction in criminal cases, so far as statutes are concerned construed in favor of Petitioner where his substantial rights are concerned?

XIV.  Would a jurist dismiss an ineffective assistance of counsel claim, if the jurist

        is the cause of a VI amendment violation from the beginning?

XV.    Was Petitioner entitled to relief requested because the trial court had a misconception of the relevant law by misapplying the court rules causing harmful error that prejudiced Petitioner, manifesting a XIV Amendment violation and VI Amendment violation.

XVI.    Does the circuit court have general power to correct inadvertent entries on their records, when on proper motion and showing the end of justice so require to correct records to set out its proceedings?

XVII.    Would the audiotape demonstrate that counsel was retained and relieved prior to August 9, 2004, and other unlawful conduct that would require the audiotape to be transcribed to confirm fraud upon the court and void the judgment based on false information given to the Court of Appeals?

On October 10, 2008, the Court issued an opinion and order, in which it construed Petitioner's amended habeas petition as a motion to reopen the case and as a motion to amend the habeas petition. Concluding that Petitioner had exhausted his state-court remedies, the Court lifted the stay, and accepted the amended petition as timely filed.

II

A prisoner filing a petition for writ of habeas corpus under § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* § 2254(d). The state courts must first be given a fair opportunity to rule upon all of the petitioner's habeas claims before he can present those claims to

this Court. Otherwise, the Court is unable to apply the standard found at § 2254.

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id.* at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 1535.

In his pending motion to stay proceedings, Petitioner requests a stay so that he may appeal the decision of the Wayne County Circuit Court, but he has already done so. Petitioner has not advanced any other justification for a stay. Indeed, Petitioner appears to be well acquainted with the Court's judicial processes and may be engaging in intentional, dilatory litigation tactics. Based on the fact that there is no justification for a stay of proceedings, Petitioner's motion will be denied.

Petitioner's requests for an evidentiary hearing, an emergency hearing, and judicial notice of adjudicative fact will also be denied. It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F. 2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998). If a habeas petition is not dismissed at a previous stage in the proceeding, the

judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

The Court has not yet had an opportunity to carefully review the respondent's answer or the state court record. After the Court reviews these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims. Likewise, Petitioner's request of judicial notice of adjudicative facts will be denied at this juncture. Petitioner need not file any additional motions.

Accordingly, it is **ORDERED** that Petitioner's motion to stay proceedings [Dkt. # 47], request for judicial notice of adjudicative fact [Dkt. # 44], petition for evidentiary hearing [Dkt. # 49], and petition for emergency hearing [Dkt. # 50] are **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 17, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS