**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEITH MADDOX-EL, # 166273,

        Petitioner,

v.                                           Case Number: 07-11349
                                              Honorable Thomas L. Ludington

KENNETH MCKEE,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE**

Pending before the Court is Petitioner's "Petition for Appeal Personal Bond and or Immediate Release" [Dkt. # 53], filed on November 2, 2010. The Court construes Petitioner's request as a motion for immediate release. For the reasons set forth below, Petitioner's motion will be denied.

**I**

Petitioner seeks immediate release from custody or release on bail pending disposition of his habeas petition. Petitioner's argument in favor of release on bail relies on Federal Rule of Appellate Procedure 23(c), which states that "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety."

The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and

ordering a petitioner's release. This Court has not granted habeas relief in this case. Therefore, Rule 23(c) is inapplicable to Petitioner's case.

To receive bond pending a decision on the merits of a habeas petition, a petitioner must demonstrate a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)). "There will be few occasions where a prisoner will meet this standard." *Id.* at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction [] it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

In this case, Petitioner's motion contains incoherent references to the Constitution, the Federal Rules of Criminal Procedure, and the Michigan Court Rules. Petitioner's claims do not demonstrate any exceptional circumstance which would merit immediate release on bond. Therefore, the Court will deny Petitioner's request for his immediate release from custody.

**II**

Accordingly, it is **ORDERED** that Petitioner's "Petition for Appeal Personal Bond and or Immediate Release" [Dkt. # 53] is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: March 2, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2011

s/Tracy A. Jacobs
TRACY A. JACOBS