UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MICHIGAN
NORTHERN DIVISION

KEITH MADDOX-EL,

       Petitioner,

v.                                    Case No. 07-11349
                                    Honorable Thomas L. Ludington

KENNETH MCKEE,

       Respondent.
_____/

**OPINION AND ORDER REGARDING PETITIONER'S MOTION FOR RELIEF, AND DENYING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL**

Petitioner Keith Maddox-El is presently incarcerated by the Michigan Department of Corrections at the Carson City Correctional Facility in Carson City, Michigan. He filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2254 challenging his 2004 Wayne County jury convictions for felon in possession of a firearm, possession of marijuana with intent to deliver, possession of cocaine less than twenty-five grams, and felony firearm. Petitioner was sentenced as a habitual offender to concurrent prison terms of three to fifteen years for the felon-in-possession conviction, and one year to fifteen years each for the marijuana and the cocaine convictions. Because of Petitioner's habitual offender status, he was also sentenced to a consecutive prison term of ten years for the felony-firearm conviction.

In his *pro se* pleadings, Petitioner suggested seventeen reasons why his convictions and sentences are unconstitutional. On March 26, 2012, the Court issued an Opinion & Order denying Petitioner's petition for a writ of habeas corpus, declining to issue a certificate of appealability, and denying Petitioner's application to proceed in forma pauperis on appeal.

Not to be deterred, Petitioner filed a timely notice of appeal on April 10, 2012. While the appeal remains pending, Petitioner has recently filed two additional motions in this Court: an application to proceed in forma pauperis on appeal, and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. Specifically, Petitioner alleges two reasons he should be relieved of the Opinion & Order denying his petition for a writ of habeas corpus. First, Petitioner claims he was forced to keep an attorney that he hired with his own funds and then wished to dismiss. He claims the issue was ignored because "the Court's record's [sic] were altered with false information to make it appear as though counsel was originally appointed prior to August 10, 2004." Pet'r's Mot. 7, ECF No. 66. Petitioner argues counsel was not originally appointed, but retained, and that his wish to dismiss the attorney should have been honored.

Next, Petitioner claims that the government withheld exculpatory evidence in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner contends he "has proven that the state acted in bad faith and manufactured evidence illegally as well as withheld the investigator and laboratory reports of May 10, 2004." Pet'r's Mot. 13–14.

The Court notes that both Petitioner's motion for relief and his application to proceed in forma pauperis on appeal have previously been addressed on the merits, both by this Court and others. Upon review, Petitioner's convictions and sentences remain constitutionally sound, and the Court will not grant the relief he seeks.

I

This case arises because of an incident that occurred on May 10, 2004, when police officers executed a search warrant at Petitioner's home located at 19992 Irvington in Detroit,

Michigan. The police obtained the warrant after an undercover drug transaction was effected at the home and after surveillance on the home revealed suspicious activity.

The officers found Petitioner and a woman in an upstairs bedroom. Petitioner told the officers that he lived in the house and gave his address as 19992 Irvington. As the officers apprehended Petitioner, he said, "all I have is that weed in that computer cabinet." Trial Tr. vol. 3, 37, Aug. 18, 2004. When Officer Michael Carson opened the computer cabinet, he found one clear plastic sandwich bag containing loose marijuana, two zip-lock bags of marijuana, and one clear zip-lock bag containing twenty-three one inch by one inch bags of marijuana. The total amount of marijuana found in the cabinet was 40.75 grams.

In addition to the marijuana, police also found a Blue Sky .30 caliber rifle in a plastic case in the living room behind a couch, although no ammunition was found. Under the bed, the officers discovered a plate with .60 grams of crack cocaine. Numerous empty zip-lock bags were found in the living room, as well as a bulletproof vest with the word "Rambo" written on it and seventy-five dollars in cash.

At trial, Joyce Rivers testified for the defense. She stated that she used to live next door to Petitioner on Irvington and had asked him if she could store some of her belongings at his house after she was evicted. Rivers stated that she moved her living room furniture, her clothing, a refrigerator, and a .22 caliber rifle in a brown leather case into Petitioner's living room. She testified that she did not tell Petitioner that she had left the gun at his residence.

Despite this testimony, the jury convicted Petitioner. Following his sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising the following four claims: (1) the trial court erred in not allowing withdrawal and substitution of his trial counsel; (2) trial

counsel was ineffective for allowing admission of his prior narcotics conviction; (3) the evidence offered at trial was insufficient to show that he possessed a firearm; and (4) he was sentenced based on facts that were not found by a jury beyond a reasonable doubt.

Petitioner also filed a supplemental brief with the Court of Appeals in which he raised the following five additional claims:

> I. [Petitioner] was denied effective assistance of counsel due to counsel's failure to file discovery, failure to argue and obtain a ruling of [Petitioner's] motion to suppress [the] search warrant and failure to produce alibi witnesses on the relevant record in violation of the Sixth Amendment and Article I, Section 17, 20 of the Michigan Constitution.
>
> II. [Petitioner] was denied his constitutional right to present a defense when the trial court denied his request for a continuance in order to secure the presence of alibi defense witnesses in violation of the Fourth, Fifth, and Fourteenth Amendments and Article I, Section 17, 20 of the Michigan Constitution.
>
> III. The prosecutor's failure to timely comply with discovery due to lack of jurisdiction and the fact that no probable cause existed for [the] search warrant denied [Petitioner] his constitutional rights to a fair trial and due process of law in violation of the Fifth, Sixth, and Fourteenth Amendments and Article I, Section 17 of the Michigan Constitution.
>
> IV. [Petitioner] was denied effective assistance of counsel because counsel failed to argue and obtain a ruling on [his] motion to dismiss [the] search warrant due to no relevant record of not having constructive possession or possession of a firearm.
>
> V. [Petitioner] was denied effective assistance of counsel because counsel failed to argue and obtain a ruling on [his] motion to suppress [the] search warrant in violation of the Fourth and Fourteenth Amendments and Article I, Section 2 of the Michigan Constitution.

On May 23, 2006, the Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Maddox*, No. 257981, 2006 WL 1412794 (Mich. Ct. App. May 23, 2006). Petitioner then filed an application for leave to appeal the Court Appeals' decision with the Michigan

Supreme Court, raising what appears to be the same nine claims. The Supreme Court denied his application on September 26, 2006. *People v. Maddox-El*,[1] 721 N.W.2d 196 (Mich. 2006). On February 27, 2007, the Michigan Supreme Court denied his motion for reconsideration. *People v. Maddox-El*, 727 N.W.2d 601 (Mich. 2007).

While the appeal was pending, Petitioner filed a motion for the production of transcripts of an audiotape with the state trial court, which was denied on August 29, 2005. *People v. Maddox*, Nos. 04-5427, 04-8419 (Wayne Cnty. Cir. Ct. Aug. 29, 2005). He subsequently filed a motion for reconsideration, along with a motion for remand and for an evidentiary hearing to suppress the search warrant and affidavit, with the Michigan Court of Appeals. On November 3, 2005, the Court of Appeals denied both motions. *People v. Maddox*, No. 257981 (Mich. Ct. App. Nov. 3, 2005). On January 30, 2006, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Maddox*, 708 N.W.2d 415 (Mich. 2006).

In that same month, Petitioner filed a civil action against Wayne County Circuit Court Judge Diane M. Hathaway with the Court of Appeals. On January 4, 2006, the Court of Appeals returned the pleadings to Petitioner because "MCL 600.2963 mandates that a prisoner pursuing a civil action be liable for the filing fees." *Maddox v. Wayne Cir. Judge*, No. 266853 (Mich. Ct. App. Jan. 4, 2006). Because Petitioner did not pay the required fees the action progressed no further.

Petitioner also filed a motion, dated June 6, 2006, with the Wayne County Circuit Court requesting a new trial, an evidentiary hearing, oral arguments, and dismissal of all charges as well as an additional request to reconsider his motion for the production of the transcripts of the audiotape. On November 13, 2006, the Wayne County Circuit Court issued an opinion and order

---

[1] On some opinions and order, Petitioner also is known as Keith Maddox-El, as he is in this opinion.

denying in part and granting in part Petitioner's June 6, 2006 post-conviction motion. *People v. Maddox*, No. 04-005427 (Wayne Cnty. Cir. Ct. Nov. 13, 2006). In January 2007, Petitioner filed another motion with the circuit court, this time to correct alleged clerical errors.

In the meantime, in March 2007, Petitioner filed a habeas petition with this Court, raising the same nine claims he raised in the state appellate courts.

On April 27, 2007, the Wayne County Circuit Court issued an opinion and order denying Petitioner's January 2007 motion to correct clerical errors. *People v. Maddox*, No. 04-005427 (Wayne Cnty. Cir. Ct. Apr. 27, 2007). In May 2007, Petitioner filed a motion for an order to show cause why Judge Diane M. Hathaway should not be held in contempt for "failure to prepare and file an answer in this case," with the circuit court. In that same month, Petitioner filed, with the Michigan Court of Appeals, a "Brief on Appeal to Appeal Motion to Correct Clerical Mistakes," in which he appeared to be challenging the circuit court's April 27, 2007 order. In August 2007, Petitioner filed a motion to stay his habeas proceedings with this Court so that he could return to the state courts to fully exhaust his state-court remedies.

In an order and opinion dated September 26, 2007, the Wayne County Circuit Court denied Petitioner's May 2007 motion for order to show cause. *People v. Maddox-El*, No. 04-005427 (Wayne Cnty. Cir. Ct. Sept. 26, 2007). Petitioner then filed for a writ of mandamus in the circuit court. In an order dated November 12, 2007, the Wayne County Circuit Court denied Petitioner's request for a writ of mandamus. *People v. Maddox*, No. 04-005427 (Wayne Cnty. Cir. Ct. Nov. 12, 2007).

On December 11, 2007, this Court granted Petitioner's motion to stay the proceedings so that he could fully exhaust his state-court remedies, and the case was administratively closed by the Clerk of the Court.

On December 14, 2007, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal. *People v. Maddox*, No. 278045 (Mich. Ct. App. Dec. 14, 2007). Petitioner then filed an application for leave to appeal the Court of Appeals's order with the Michigan Supreme Court.

Petitioner subsequently filed a delayed application for leave to appeal the circuit court's September 26, 2007 and November 12, 2007 orders with the Court of Appeals. On January 17, 2008, the Court of Appeals issued an order denying Petitioner's application for leave to appeal "from the September 26, 2007 order denying [Petitioner's] motion for order to show cause and the November 12, 2007 order denying [Petitioner's] complaint for a writ of mandamus" because the Court of Appeals lacked jurisdiction, "since the orders in question actually denied successive motions for relief from judgment where no newly discovered evidence or retroactive change in the law can be found." *People v. Maddox*, No. 282785 (Mich. Ct. App. Jan. 17, 2008). Nevertheless, Petitioner appealed the January 17, 2008 order of the Court of Appeals to the Michigan Supreme Court.

On September 9, 2008, the Michigan Supreme Court issued two separate orders. In the first order, the Supreme Court denied Petitioner's application for leave to appeal the December 14, 2007 order of the Court of Appeals because it was not persuaded that the questions presented should be reviewed. *People v. Maddox*, 754 N.W.2d 882 (Mich. 2008). In the second order, the Supreme Court denied Petitioner's application for leave to appeal the January 17, 2008 order of

the Court of Appeals because Petitioner's "motion for relief from judgment is prohibited by MCR 6.502(G)." *People v. Maddox*, 754 N.W.2d 882 (Mich. 2008).

Petitioner then returned to this Court and filed an amended habeas petition and brief, raising seventeen discrete claims. On March 26, 2012, this Court issued an opinion and order addressing each of Petitioner's seventeen grounds to vacate his sentence. Because Petitioner's arguments lacked merit, his petition for writ of habeas corpus was denied. On April 10, 2012, Petitioner filed timely notice of appeal. Despite that appeal, in January 2013 Petitioner filed a motion in this Court for relief pursuant to Federal Rule of Civil Procedure 60.

## II

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment because of, among other things, "(1) mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence . . . [or] (3) fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b).

Addressing Petitioner's Rule 60(b) motion is complicated by the fact that prior to filing the motion, he filed a timely notice of appeal from this Court's March 26, 2012 Opinion & Order. The Sixth Circuit has established that when an appeal is pending from a district court's judgment, the district court is deprived of jurisdiction to issue a final ruling on a Rule 60(b) motion. *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005). The proper procedure in such circumstances calls for Petitioner to "file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in [the appeals court] for a remand of the case in order that the District Court may grant the motion." *First Nat'l Bank of*

*Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976). If the district court is not disposed to grant the motion, "the appeal will be considered in regular course." *Id*.

### III

Noted previously, this Court lacks subject-matter jurisdiction over Petitioner's Rule 60(b) motion due to his pending appeal. However, pursuant to the Sixth Circuit's preferred procedure for addressing Rule 60(b) motions that are filed after notice of appeal (as outlined in *Hirsch*), Petitioner's motion will be assessed. Upon review, Petitioner's motion is not meritorious, and this Court would decline the motion if subject-matter jurisdiction was intact.

### A

In his first claim for relief, Petitioner alleged that his Sixth Amendment right to counsel was violated when the trial court refused to grant defense counsel's motion to withdraw and for substitution of counsel. This argument was dismissed by this Court in March 2012, but Petitioner raises it again in his motion for relief. As before, the claim is without merit.

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Sixth Amendment does not guarantee, however, a "meaningful relationship" between counsel and a defendant. *Morris v. Slappy*, 461 U.S. 1, 13–14 (1983).

The right to counsel encompasses the right to counsel of choice, but that right is generally cognizable only to the extent defendant can retain counsel with private funds; an indigent defendant does not have an absolute right to choose appointed counsel. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151–52 (2006) (citations omitted). The right to counsel of one's choice is not absolute, and "is circumscribed in several important respects." *Wheat v. United*

*States*, 486 U.S. 153, 159 (1988).  The United States Supreme Court has recognized "a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar."  *Gonzalez-Lopez*, 548 U.S. at 152 (citing *Wheat*, 486 U.S. at 163–64; *Morris*, 461 U.S. at 11–12).  Furthermore, "a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court."  *United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir. 1988) (citations omitted).  In sum, "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."  *Wheat*, 486 U.S. at 159 (citing *Morris*, 461 U.S. at 13–14; *Jones v. Barnes*, 463 U.S. 745 (1983)).

Because an indigent defendant has no absolute right to appointed counsel of choice and because the focus of the Sixth Amendment inquiry is on effective advocacy, a criminal defendant who is dissatisfied with appointed counsel must show "good cause" to warrant the substitution of counsel.  *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990) (footnote and citation omitted).  Good cause includes "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with [an] attorney."  *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (citations omitted).  The decision regarding whether to appoint new counsel at a defendant's request is committed to the sound discretion of the trial court.  *United States v. Trujillo*, 376 F.3d 593, 606 (6th Cir. 2004) (citing *United States v. White*, 451 F.2d 1225, 1226 (6th Cir. 1971)).

The United States Court of Appeals for the Sixth Circuit has cited three factors to consider when evaluating a trial court's denial of a request for substitute counsel: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the attorney and the defendant was so great that it resulted in a total lack of communication preventing an adequate defense. *See Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008) (citing *Iles*, 906 F.2d at 1131 n.8). These factors are balanced with the public's interest in the prompt and efficient administration of justice. *See Iles*, 906 F.2d at 1131 n.8 (citing *Wilson*, 761 F.2d at 280); *see also United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001) (same) (citing *United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999); *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996)).

With such standards in mind, this Court does not find any apparent errors on the record. Petitioner's assertion that his Sixth Amendment rights were violated by the trial court, through its denial of counsel's motion to withdraw and in refusing to grant Petitioner's request for substitution of counsel, is without merit. Petitioner was an indigent defendant and his counsel was court appointed. A review of the record reveals that Petitioner has not provided any evidence of a legitimate difference of opinion regarding fundamental trial tactics between himself and defense counsel that would require substitution. Rather, the record demonstrates that the motion to withdraw and motion for substitution of counsel occurred only because Petitioner was upset that his request for a continuance was denied by the trial court.

Petitioner argues that his counsel was not originally appointed, but retained. This does not change the result. The Supreme Court has long recognized "a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of

its calendar." *Gonzalez-Lopez*, 548 U.S. at 151 (citations omitted). Petitioner's counsel did not move to withdraw a month before trial, or a week, or even the day before. Petitioner's counsel moved to withdraw literally minutes before the jury panel was presented to begin voir dire. Aug. 10, 2004 Tr. 14, ECF No. 34, Ex. 6. The trial court responded,

> I'm not allowing you to withdraw, because it's too late in the game here. We're proceeding to trial. And you're familiar with the case, and we're going to be going to trial on this. You knew, up until yesterday, you thought we were going to jury trial on this case. And it's too late to appoint another attorney. So, that motion is denied."

*Id*. at 14–15. Regardless of whether Petitioner's attorney was retained, and not appointed, it was within the trial court's discretion to deny the motion to withdraw made only 39 minutes before the jury was entertained for voir dire. The trial court appropriately balanced Petitioner's right to counsel of his choice with the "public's interest in the prompt and efficient administration of justice." *See Iles*, 906 F.2d at 1131 n.8.

The trial court's denial of Petitioner's request for substitution of counsel and its ancillary denial of counsel's motion to withdraw did not violate Petitioner's right to counsel under the Sixth Amendment. The Court of Appeals' decision with respect to this issue is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Habeas relief is not warranted. Additionally, Petitioner is not entitled to relief from the Court's earlier decision reaching the same conclusion.

**B**

Petitioner's second claim is also one he has raised before. Petitioner alleges that the prosecutor committed misconduct by failing to "comply with discovery" due to lack of jurisdiction and by concealing that "no probable cause existed" for the search warrant executed

by the police. Petitioner also alleges that he was denied due process of law when the prosecution withheld police and lab reports in violation of *Brady v Maryland*, 373 U.S. 83 (1963).

First, to the extent that Petitioner is claiming that the prosecutor violated state discovery rules, he would not be entitled to habeas relief. "It is well settled that there is no general constitutional right to discovery in a criminal case." *Stadler v. Curtin*, 682 F. Supp. 2d 807, 818 (E.D. Mich. 2010) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)). A claim that a prosecutor violated state discovery rules is not cognizable in federal habeas review, because it is not a constitutional violation. *See Lorraine v. Coyle*, 291 F.3d 416, 441 (6th Cir. 2002).

Second, regarding Petitioner's *Brady* claim, the Supreme Court has held that the prosecutor's failure to disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In other words, to find a *Brady* violation, not only must the evidence be suppressed, but the suppressed evidence must be material and favorable to the accused. *Elmore v. Foltz*, 768 F.2d 773, 777 (6th Cir. 1985).

Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 432–36 (1995) (same). Material evidence is that which is "so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce." *United States v. Clark*, 988 F.2d 1459, 1467 (6th Cir. 1993). The duty to disclose favorable evidence includes the duty to disclose

impeachment evidence. *Bagley*, 473 at 682; *Giglio v. United States*, 405 U.S. 150, 154–55 (1972).

The *Brady* rule only applies to "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976); *see also Mullins v. United States*, 22 F.3d 1365, 1370–71 (6th Cir. 1994) (same). Moreover, a *Brady* violation does not occur if previously undisclosed evidence is disclosed during trial unless the defendant is prejudiced by its prior non-disclosure. *See United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986). Thus, in order to establish a *Brady* violation, a petitioner must show that: (1) evidence unknown to the petitioner and not available from another source was suppressed by the prosecution; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of the petitioner's guilt. *See Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000); *see also Strickler v. Greene*, 527 U.S. 263, 281–82 (1999) (same). The petitioner bears the burden of establishing a *Brady* violation. *Carter*, 218 F.3d at 601.

Petitioner raised this claim on direct appeal to the Michigan Court of Appeals in his supplemental brief. The Court of Appeals found the arguments contained within the brief "largely rambling and barely coherent, if at all." *Maddox*, 2006 WL 1412794, at *5. Accordingly, the Court of Appeals determined, "Inasmuch as prosecutorial misconduct is claimed, the record provides no support for this contention, and defendant's argument fails." *Id.*

Petitioner's assertions, as presented to this Court, remain groundless. He claims that the weight of drugs seized from his residence changed during the course of his case, but that the packaging remained the same. According to Petitioner, this "confirm[s] the obvious: (1) there

was no controlled buy on May 7, 2004 and (2) the trustworthiness was undermined when the records were prepared in anticipation of litigation." Pet'r's Mot. 13.

Contrary to Petitioner's assertion, there was no discrepancy regarding the amount of cocaine found by police at Petitioner's residence and the amount of cocaine that was stipulated to at trial. At trial, Officer Todd Eby testified that he confiscated "crushed up crack cocaine" from Petitioner's residence which he placed in two zip-lock bags "for purposes of conveying the narcotics to headquarters." Trial Tr. vol. 3, 20, Aug. 18, 2004. Officer Eby did not testify about how much cocaine he had found. There was no *Brady* violation here, Petitioner has not shown that any evidence, much less exculpatory evidence, was withheld from him during his trial. Petitioner's assertions of prosecutorial misconduct in that regard are unsupported by the record, as the Court of Appeals properly found.

Petitioner also claims there was "no probable cause" for the search warrant executed by police at his residence, and that this was concealed by the prosecution. This assertion is equally groundless. The Court of Appeals found that "a motion to quash or suppress the search warrant was indeed heard and denied by the [trial] court." *Maddox*, 2006 WL 1412794, at *2 n.1.

Under *Stone v. Powell*, 428 U.S. 465, 494 (1976), a criminal defendant may not collaterally attack a state conviction on the ground that illegal evidence was admitted at trial where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim. That is, if a state provides a full and fair opportunity to litigate a Fourth Amendment claim, a federal habeas court need not consider whether a trial court should have excluded evidence obtained in an unconstitutional search or seizure. *Cardwell v.Taylor*, 461 U.S. 571, 572 (1983).

Here, Petitioner had a full and fair opportunity to present to the state courts his Fourth Amendment claim concerning the search warrant. Since Petitioner has failed to demonstrate that he was denied an opportunity for full and fair litigation of that claim, any claim regarding the validity of the search warrant is not cognizable on habeas review. Accordingly, Petitioner's argument that he was denied due process of law because of the prosecution's alleged "concealment" of the lack of probable cause for the execution of the search warrant lacks merit. Habeas relief is not warranted. Neither is an order relieving Petitioner from this Court's earlier judgment.

## C

Petitioner also filed an application to proceed in forma pauperis on appeal and for appointment of counsel. Although termed as an application to proceed on appeal, Petitioner emphasizes that his motion "asks that this court allow him to proceed on [his] 60(b) and 60(d) action without payment of filing fees and costs." Pet'r's App. 1, ECF No. 65. Petitioner's application will be denied.

Whether Petitioner intends his application to apply to his Rule 60 motion in this Court or to his appeal before the Sixth Circuit is irrelevant. If he means to obtain permission to proceed in forma pauperis on appeal, this Court has already denied leave in its March 26, 2012 Opinion & Order. If he instead intends to proceed with his Rule 60(b) motion in forma pauperis, Petitioner has already applied for and been granted in forma pauperis status, and he need not do so again. *See* April 3, 2007 Order, ECF No. 3.

Likewise, Petitioner's application for appointment of counsel will be denied. There is no need for an appointment of counsel regarding Petitioner's Rule 60(b) motion in this Court, as

there is no constitutional right to counsel in habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991). Any need Petitioner may have for appointed counsel during his appeal should be taken up with the Sixth Circuit.

### IV

Accordingly, it is **ORDERED** that the Court **DECLINES** to grant Petitioner's motion for relief, ECF No. 66.

It is further **ORDERED** that Petitioner's application to proceed in forma pauperis and for appointment of counsel is **DENIED**.

Dated: February 4, 2013                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and on Keith Maddox-El #166273 (C-91), Carson City Correctional Facility, 10274 Boyer Road, Carson City, Michigan 48811 by first class U.S. mail on February 4, 2013.

                                                s/Tracy A. Jacobs
                                                TRACY A. JACOBS